John Quinn
vs.         No. 60015
Filomena Carozza

### May 26, 1928

CAPOTOSTO, J. In an action for a real estate broker's commission the jury returned a verdict for the plaintiff in the sum of $372.85. The defendant moves for a new trial on the ground that the verdict is against the evidence and further claims that he has discovered new testimony which will affect the merits of the case.

Two defenses were interposed. First: that the plaintiff had never produced a buyer who was ready, willing and *able* to purchase the real estate in question. The suggested purchaser was undoubtedly ready and willing to buy the premises. His ability to carry the bargain through is open to serious doubt. Upon all the evidence it appears that such ability, if it existed at all, was based upon the promise of the necessary funds by a friend who failed, as is usually the case, to carry the promise through when the buyer was ready to close the deal. The credible testimony on the question of the buyer's ability does not preponderate in favor of the plaintiff. The second defense was that the broker was acting in a dual capacity without the

knowledge or consent of the defendant. The evidence given at the trial upon this point was suspicious. Whether the plaintiff was acting in his own capacity or as an agent of the firm of Coffey & Lannon became material. The plaintiff testified that he was operating independently, although he was allowed desk room in the office of Coffey & Lannon in return for certain services disconnected with the real estate business of the firm. He positively denied that he was acting in any way for any one else but himself.

On the hearing of the motion for a new trial the defendant produced a proposed agreement which was referred to in the course of the trial itself but which apparently could not be found at that time. The attorney for the defendant in producing this instrument stated that in the reorganization of the office with which he is connected a new filing system had been installed and that the envelope containing the paper in question had been filed away among a number of discarded papers. The proposed agreement for the sale of this very property to one George Barlow, whose name was used by the real buyer, is on the letter head of Coffey & Lannon. The rather unconvincing evidence of the plaintiff should be considered in the light of this testimony which, through a reasonable inadvertance, was not available at the trial. The Court's mind is affected by this evidence. It is reasonable to suppose that it probably would affect the mind of another jury.

For the reasons stated the Court is of the opinion that the verdict does not do justice between the parties. Motion for new trial granted.

For plaintiff: Cooney & Cooney.

For defendant: Pettine, Godfrey & Cambio.